UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kirk Wool,

      Plaintiff,

      v.                                                                                  Civil No. 2:16-cv-120

Lisa Menard, Commissioner,
Vermont Department of Corrections,

      Defendant.

## REPORT AND RECOMMENDATION
(Doc. 64)

      Kirk Wool, an inmate in the custody of the Vermont Department of Corrections (DOC), commenced this action in the Washington County Superior Court against Lisa Menard, the Commissioner of the DOC.  He asserts in his Complaint that he has been classified as a "high risk" individual based upon false information. (Doc. 6.)  The specific falsehoods were allegedly made by a psychologist retained or employed by the DOC and are set forth in paragraph 7 of the Complaint.  (*Id.* at 2–3.)  Wool states, "I need to make it clear that I am challenging <u>only</u> the use of the false records, I do not make any challenge to whatever effect or use that the Defendant is applied the false records to." (*Id.* at 3.)  The Complaint does not specify any constitutional violations; it only makes reference by citation to *Wilkinson v. Dotson*, 544 U.S. 74 (2005) (*id.* at 4), which Wool later claims should have been a citation to *Adams v. Agniel*, 405 F.3d 643, 644–45 (8th Cir. 2005) (per curiam) (Doc. 9).  Wool's Complaint initially sought damages and

equitable relief to preclude the Commissioner "from any present and all future use of the false records." (Doc. 6. at 4.) On January 25, 2016, Wool filed a motion to amend his complaint "to remove all claims for monetary damages." (Doc. 22.) It appears that the Vermont Superior Court granted that motion by an order filed on February 26, 2016. (Doc. 81-1; *see also* Doc. 27.) In addition, reference has been made by Defendant to oral amendments to the Complaint made in the course of prior proceedings in the Vermont Superior Court, Washington Civil Division. (Doc. 4 at 1; *see also* Doc. 85 at 2 n.1 ("Plaintiff's controlling complaint is the one that was orally amended at the March 7, 2016 motion to dismiss hearing in state court where Plaintiff changed his complaint to only one claim for violation of the Fourteenth Amendment.").)

On April 28, 2016, this civil action was removed by Defendant to this Court from the Vermont Superior Court by notice filed pursuant to 28 U.S.C. §§ 1441(a), 1443, and 1446(a). (Doc. 1.) Presently before the Court is Wool's "Notice That I Remove Federal Claims Under 28 U.S.C." (Doc. 64), which, as discussed below, is construed as a motion to dismiss Wool's federal claims. Therein, Wool states that "I remove all claims for relief under 28 U.S.C. and remove <u>without prejudice</u> my 1st Amendment retaliation claim." (*Id.* at 1.) Wool also states that "[b]ecause I have now removed all federal claims and do not rely on 28 U.S.C. in any way, this court cannot take jurisdiction and I ask that the case be sent back to the State Superior Court." (*Id.* at 2.) Defendant has requested an enlargement of time (Doc. 85) to respond to Wool's motion to dismiss his federal claims, but in requesting more time also stated that Wool's Fourteenth Amendment claim—again, which apparently was added by oral amendment in state court

2

(*id.* at 2 n.1)—is left unaddressed by the motion (*id.* at 2).[1]  Defendant also seeks a document that accurately sets forth all of Wool's claims.  (*Id.*)

The dilemma presented by this case is that it is unclear what legal claims remain pending.  Neither a First Amendment retaliation claim nor the Fourteenth Amendment claim referenced by Defendant appears in the Complaint.  The Court attempted to clarify remaining claims by directing Wool to file a proposed amended complaint on or before June 1, 2016 (Doc. 65), but no proposed amended complaint was filed.  Wool did file a document titled "Objections to Defendant's Response to Motion to Withdraw," in which he addressed the Court's order to submit a proposed amended complaint.  (Doc. 81.)  He argued that the state court had permitted some unspecified amendment to the Complaint by an order filed on February 26, 2016, and therefore, according to Wool, no amended complaint was necessary.  (*Id.* at 1.)  Wool supplemented this assertion by appending an entry order issued by the Vermont Superior Court indicating a motion to amend was granted.  (Doc. 81-1.)  Presumably, this order is referring to Wool's motion to amend that requested striking his claim for money damages.  *See supra* p. 2.  The Court has no record of the oral amendments to the Complaint referenced in the pleadings.  Regardless, neither oral amendments nor piecemeal amendments to complaints are permitted in federal practice or by this district's local rules.  *See* Fed. R. Civ. P. 7, 10, 15; L.R. 10, 15; *cf. Allen v. Brown*, No. 96–CV–1599 RSP GJD, 1997 WL 610720, at *1 (N.D.N.Y. Sept.

---

[1] Defendant construes Wool's motion (Doc. 64) in part as a motion to remand (*see* Doc.85).  In light of Wool's more recent filing (Doc. 92), expressing his interest in maintaining the case in federal court, I recommend construing Wool's motion (Doc. 64) as a motion to dismiss his federal claims.  *See infra* p. 4.

26, 1997) (citing to local rule in Northern District of New York and stating, "[t]he requirement that amended complaints be complete pleadings eliminates the confusing nature of 'piecemeal' amended complaints").

It is clear that the events in state court, including oral motions to amend the complaint, and subsequent filings in this Court have left this matter in a confused state. Defendant is unable to respond to Wool's claims by means of an answer or other dispositive motion because, as the Defendant has observed, it is not clear what the legal bases for Wool's Complaint may be.  (Doc. 77.)  Defendant also states that she has not been able to respond to Wool's motion to dismiss his federal claims for the same reason. (Doc. 85 at 2, 3.)  Clarification is necessary before the Court can address any remaining issues.

Accordingly, I recommend that the district court treat Wool's Notice of Removal of Federal Claims (Doc. 64) as his motion to dismiss all federal claims under Fed. R. Civ. P. 41(a)(2), and I recommend GRANTING that motion (Doc. 64).[2]  Should this recommendation be adopted, there will be no federal claims remaining, consistent with

---

[2] The Second Circuit has "noted that '[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper.'"  *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (alteration in original) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)).  "One line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'"  *Camilli*, 436 F.3d at 123 (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)).  The other line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors."  *Id.*  The factors set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d. Cir. 1990), are the following: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss."  *Zagano*, 900 F.2d at 14.  Due consideration has been given to these factors, and I conclude that no legal prejudice to Defendant will result if the federal claims are dismissed.

Wool's stated position.  (*See id.* at 2.)  Contrary to Wool's original argument, however, this Court will not lose jurisdiction automatically if the recommendation regarding the federal-law claims is adopted.  *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014) ("The later elimination of federal claims and defenses, so as to leave standing only state-law claims, may bear on whether the Court chooses to exercise supplemental jurisdiction, but it does not eliminate federal jurisdiction." (citations omitted)).

Moreover, recognizing Wool's *pro se* status, I also recommend that leave be granted to him under Fed. R. Civ. P. 15 to permit him the opportunity to amend his Complaint.  Wool is advised that an amended complaint supersedes the original complaint in all respects.  It must set forth in numbered paragraphs all factual allegations and claims against all defendants.  Incorporation of prior documents by reference is not permitted.  L.R. 15(b) ("No amendment may incorporate any prior filing by reference without prior authorization of the court.").  Failure to file an amended complaint within 30 days of the district court's order on this Report and Recommendation should result in the dismissal of this matter.

Dated at Burlington, in the District of Vermont, this 19th day of September, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).