UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kirk Wool,

      Plaintiff,

      v.                                          Civil Action No. 2:16-cv-120

Lisa Menard, Commissioner of
Vermont Department of Corrections,

      Defendant.

## REPORT AND RECOMMENDATION
(Doc. 33)

Plaintiff Kirk Wool, an inmate committed to the custody and control of the Vermont Department of Corrections (DOC), initially filed this action against Defendant Lisa Menard, the Commissioner of the DOC, in state court. (Doc. 6.) In the Complaint, Wool claims that Menard designated him as a "high risk" offender by using false records created by Dr. Claire Gilligan. (*Id.* at 1–2.) The Complaint seeks an injunction enjoining Menard from "any present and all future use of the false records," removal of the records from Wool's files with the DOC, and "unspecified damages." (*Id.* at 4.) On April 28, 2016, Menard removed the case to federal court pursuant to 28 U.S.C. §§ 1441(a), 1443, and 1446(a). (Doc. 1.)

Currently pending before the court is Wool's "Motion for Permanent Injunctive Relief" (Doc. 33), which was originally filed in state court on March 28, 2016 (*see* Doc. 1-1 at 5). Therein, Wool seeks the same relief sought in the Complaint: to enjoin Menard

from using allegedly false records created by Dr. Gilligan to Wool's detriment.  (Doc. 33 at 1.)  As discussed below, Wool has abandoned all federal claims against Menard.  Although he has recently filed a motion to amend his complaint, Wool himself describes it a frivolous motion and reiterates therein that he has no federal claims.  (*See* Doc. 113 at 1.)  I therefore recommend that Wool's Motion for Permanent Injunctive Relief (Doc. 33) be DENIED.

"Generally, to obtain a permanent injunction a party must show the absence of an adequate remedy at law and irreparable harm if the relief is not granted."  *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1362 (2d Cir. 1989) (citing *Rondeau v. Mosinee Paper Corp.*, 422 U.S. 49, 57 (1975)); *see eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) ("a plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction").  To demonstrate irreparable harm, the plaintiff must show "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages."  *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999) (quoting *Rodriguez v. DeBuono*, 162 F.3d 56, 61 (2d Cir. 1998)).  In addition, injunctive relief should be granted against a state official "only in situations of most compelling necessity."  *Vorbeck v. McNeal*, 407 F. Supp. 733, 739 (E.D. Mo.), *aff'd*, 426 U.S. 943 (1976).

Wool fails to demonstrate either the absence of an adequate remedy at law or irreparable harm if the requested injunction is not granted.  More importantly, Wool has conceded in writing on several occasions that he has no valid federal claims.  (*See, e.g.*, Doc. 64 at 2 (stating, "I have now removed all federal claims and . . . this court cannot take jurisdiction"), Doc. 109 at 1 (stating that he has "no intention" of filing an amended complaint in this court because such filing "would . . . be[] frivolous"), Doc. 113 at 1 (stating that an amended complaint would be "frivolous" because the case "makes no federal claims"); *see also* Doc. 103 at 2 ("the record is too conflicted to determine [Wool]'s intent and there do not appear to be any federal claims pending").)  Without federal claims, this court lacks subject-matter jurisdiction over Wool's Complaint.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject[-]matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." (citing Fed. R. Civ. P. 12(b)(1))); *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("failure of subject[-]matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*"); *see also Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996) ("The burden of proving jurisdiction is on the party asserting it." (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994))).  And without jurisdiction over Wool's Complaint, the court cannot issue an injunction: "a federal court may issue an injunction only if it has personal jurisdiction over the parties and subject[-]matter jurisdiction over the claim." *Davidson v. Coughlin*, No. 88-CV-646,

1995 WL 760646, at *1 (N.D.N.Y. Nov. 27, 1995) (citing *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983)).

For these reasons, I recommend that Wool's Motion for Permanent Injunctive Relief (Doc. 33) be DENIED.

Dated at Burlington, in the District of Vermont, this 14th day of February, 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).